The Supreme Court affirmed the decree of the Quarter Sessions! on March 9, 1885, in the following opinion, per:
Sterrett, J.
It cannot be doubted that the Court of Quarter Sessions had jurisdiction of the parties to this contention as well as the subject matter thereof. The proceedings were duly commenced in December, 1877, under Section 28 of the Act of June 13th, 1836, P. Laws 547, which provides that “the father and grandfather, and mother and grandmother, and the children and grandchildren of every poor person, not able to work, shall at their own charge, being of sufficient ability, relieve and maintain such poor person at such rate as the Court of Quarter Sessions of the County where such persons reside, shall order and direct, on pain of forfeiting a sum not exceeding twenty dollars for every month they shall fail therein, which shall be levied by the process of the said Court and applied to the relief and maintenance of such poor person Purd. 1157, pi. 27. The case was so proceeded in, that on May 25,1881, the Court made a final order “That John M. Smith, Lewis N. Smith, George G. Smith and James Smith, each pay to the Overseers of Palmyra Township the sum of twenty-five cents per week from the first day of January, 1878, until the present time, and continue to pay the same until 'the further order of this Court; and that they jointly pay the costs of this proceeding.”
It will be observed that the order does not relate back to the time the grandfather of the four parties therein named became a charge upon the township, but only to the time they were cited to appear and answer the petition 0f the overseers. That the Court had power to'make the order, relating back to the last mentioned date at least, cannot be doubted. As was held in .Wertz v. Blair County, 16 P. F. Smith, 18, it was the only mode in which the overseers could be reimbursed for their outlay in supporting the pauper who had been a charge on the township for three years prior to the commencement of these proceedings. But, whether the order was in proper form or not, it is unnecessary now to inquire. It does not appear that any of the parties *347 excepted to it, or took the necessary steps to have it reviewed until long after the time for doing so had elapsed. "Whether right or wrong, therefore, it must now be treated as final and conclusive, and hence the first five specifications of error may be dismissed without further comment.
It is not pretended that the order of May 25, 1881, was complied with by either of the grandchildren, except that two of them, the plaintiffs in error, paid $5, which was applicable to to the first few weeks immediately succeeding the first day of January, 1878. As fo the residue of the sum embraced in the order, they were all in default from the date thereof, May 25, 1881, until March 22,1884, when the penalty was imposed, a-period of over two years and a half. And then the Court acted with great leniency in imposing the penalty of $20 per month for nine months only. That sum, aggregating $180, appears to be just sufficient to cover the outlay of the township for the support of their grandfather until the date of his death on July 12th, 1881. The final order does not include costs. It thus appears that after obstinately resisting the just claims of the overseers for more than six years these plaintiffs in error are about to escape with the payment of a sum barely sufficient to reimburse the township for its outlay in supporting their grandfather. We fail to discover anything in the proceedings of which the plaintiffs in error have any reason to complain.
As has already been observed, the writ was not taken in time to justify a review of either- of the matters complained of in the first five specifications. There is no merit in the sixth assignment of error. The Court was clearly warranted in making the order complained of in the seventh specification. By the Act of April 15th, 1857, the several Courts of Quarter Sessions are expressly authorized to hear, determine and make orders and decrees in all cases arising under the 28th section of the Act of June 13th, 1836, either upon the petition of the Overseers of the Poor or of any other person or persons having an interest' in the support of such poor person or persons, and either with or without an order of relief haying been first obtained: P. L. 191.
Proceedings affirmed with costs, to be paid by plaintiffs in error, and record remitted.